By the Court.
The defendant was convicted of grand *325 larceny, in stealing a watch of the value of $25, and bank bills of the value of $30, and sentenced to imprisonment in the penitentiary.
The 18th section of the crimes act provides that if any person shall steal “ any money or other personal goods or chattels, the property of another, of the value of thirty-five dollars or upward,” he shall be guilty of larceny. The question is, whether bank bills are to be regarded as money within the meaning of that section.
Strictly, bank bills are not money, though for many pur-, poses they are treated as such, and we might probably so treat them in the construction of that section, if we did not think other sections forbid such a construction. The 19th section of the same act provides for the stealing of bank bills eo nomine, and requires that to authorize a conviction for stealing them, so as to constitute grand larceny and incur the penalty of imprisonment in the penitentiary, the party must know them to be such. The 157th section of the same act which punishes petit larcenies, provides “ that if any person shall steal any money or other goods and chattels of any kind whatever, of less value than thirty-five dollars, the property of another; or shall steal or maliciously destroy any bank bill, promissory note, bill of exchange, order, warrant, draft, check or bond, or any accountable receipt for money, given for the payment or acknowledgment of any sum under thirty-five dollars, the property of another,” he shall be fined •and imprisoned in the county jail, etc.
We think, in view of these different provisions, we are bound to conclude that, however it may be as to other purposes, the legislature, in respect to the punishment for larceny, distinguishes bank bills from money, and that the stealing of bank bills can not be regarded as the stealing of money. It is true, when one theft embraces in part money, goods and chattels, and in part evidences of indebtedness, the amount or value of each being under thirty-five dollars, but exceeding that sum in the aggregate, it might have been well to make it grand larceny. This difficulty, it will be seen, is not limited to the case of bank bills, but extends to orders *326 drafts, checks, etc. It is a difficulty, however, to be met by legislative, not judicial action.

The judgment must he reversed.